JS-6

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

FRANCISCO JAVIER SARABIA,

Defendant.

Case No. 8:26-cv-02542-JWH-ADS

**FINAL JUDGMENT AS TO DEFENDANT FRANCISCO JAVIER SARABIA**

The Securities and Exchange Commission having filed a Complaint and Defendant Francisco Javier Sarabia ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment,

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. Defendant is **PERMANENTLY RESTRAINED** and **ENJOINED** from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

a. to employ any device, scheme, or artifice to defraud;

b. to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

c. to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person by, directly or indirectly,

i. creating a false appearance or otherwise deceiving any person; or

ii. disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

A. any investment in or offering of securities;

B. the registration status of such offering or of such securities;

C. the prospects for success of any product or company;

D. the use of investor funds; or

E. the misappropriation of investor funds or investment proceeds.

2. As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:

a. Defendant's officers, agents, servants, employees, and attorneys; and

b. other persons in active concert or participation with Defendant or with anyone described in (a).

3. Defendant is **PERMANENTLY RESTRAINED** and **ENJOINED** from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

a. to employ any device, scheme, or artifice to defraud;

b. to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

c. to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser by, directly or indirectly,

i. creating a false appearance or otherwise deceiving any person; or

ii. disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

A. any investment in or offering of securities;

B. the registration status of such offering or of such securities;

C. the prospects for success of any product or company;

D. the use of investor funds; or

E. the misappropriation of investor funds or investment proceeds.

4. As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:

a. Defendant's officers, agents, servants, employees, and attorneys; and

b. other persons in active concert or participation with Defendant or with anyone described in (a).

5. Defendant is **PERMANENTLY RESTRAINED** and **ENJOINED** from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

a. unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

b. unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

c. making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

6. As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:

a. Defendant's officers, agents, servants, employees, and attorneys; and

b. other persons in active concert or participation with Defendant or with anyone described in (a).

7. Pursuant to Sections 21(d)(1) and 21(d)(5) of the Exchange Act [15 U.S.C. §§ 78u(d)(1) and (5)] and Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Defendant is **PERMANENTLY RESTRAINED** and **ENJOINED** from participating, directly or indirectly, in any offering of securities; provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities for his own personal account.

8. As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:

a. Defendant's officers, agents, servants, employees, and attorneys; and

b. other persons in active concert or participation with Defendant or with anyone described in (a).

9. Defendant is liable for disgorgement of $825,000, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $215,137. The Court **FINDS** that sending the disgorged funds to the United States Treasury, as ordered below, is consistent with equitable principles. Defendant shall satisfy this obligation by paying the Securities and Exchange Commission no later than November 6, 2026.

10. Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to the following address:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Francisco Javier Sarabia as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

11. Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and

equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

12. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

13. Defendant shall pay post judgment interest on any amounts due after November 6, 2026, pursuant to 28 U.S.C. § 1961.

14. The Consent is incorporated herein with the same force and effect as if fully set forth herein, and Defendant shall comply with all of the undertakings and agreements set forth therein.

15. For the purpose of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and, further, any debt for disgorgement, prejudgment interest, or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

16. This Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Final Judgment.

**IT IS SO ORDERED.**

Dated: October 6, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE